UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENISE RICHOUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1020** |
| **GRAND ISLE SHIPYARD, INC.** | **SECTION "C" (5)** |

### ORDER & REASONS

Before the Court is a motion for summary judgment filed by Defendant, Grand Isle Shipyard, Inc. ("Grand Isle") and a motion to strike an affidavit submitted by Plaintiff, Denise Richoux, in opposition to Defendant's motion for summary judgment. According to the complaint, Plaintiff is suing Defendant for terminating her employment in violation of the Americans with Disabilities Act ("ADA"). Defendant argues that Plaintiff has not presented any evidence regarding the ADA violation to create a genuine issue of material fact to bring to a trier of fact. Having considered the arguments, the record and the applicable law, the motion for summary judgment is GRANTED IN PART and DENIED IN PART. The motion to strike Plaintiff's affidavit is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

It is undisputed that Plaintiff began her employment with Grand Isle in November of 2006. Rec. Doc. 21-1, at 1. Her job duties included office and clerical work in addition to cooking duties. *Id.* at 2. In 2008, Plaintiff was diagnosed with multiple sclerosis.[1] *Id.* As a result of this condition, she took a medical leave of absence from December 2009, until January 2010. *Id.* On April 20, 2011,

---

[1] The Complaint alleges that Plaintiff's condition is muscular dystrophy. Rec. Doc. 1, p. 2. However, in her affidavit, Plaintiff refers to her condition as multiple sclerosis. Rec. Doc. 27-1.

1

Plaintiff's position was eliminated at Grand Isle and her duties were assigned to other employees. *Id.* Plaintiff alleges that the elimination of her former position at the company was a veiled attempt to terminate her employment because of her disability. Rec. Doc. 1. Plaintiff argues that the medications she required to alleviate her disability caused the company's group insurance premiums to increase and that Defendant eliminated her position in an effort to reduce those insurance premiums. *Id.* Defendant asserts that its decision to eliminate Plaintiff's position was a business decision made in an effort to reduce costs. Rec. Doc. 21-2, at 6.

## II. MOTION TO STRIKE AFFIDAVIT

Defendant has moved to strike Plaintiff's affidavit submitted in opposition to Defendant's motion for summary judgment. Rule 56(e) of the Federal Rules of Civil Procedure requires that affidavits attached to motions for summary judgment or oppositions to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). However, the Fifth Circuit holds that "the papers of a party opposing summary judgment are usually held to a less exacting standard than those of the moving party." *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987) (citation omitted). Thus, the submissions of a party opposing a motion for summary judgment may be accepted even if they fail to meet the technical requirements of Rule 56(e). *Id.*

Defendant argues that the affidavit submitted by Plaintiff in support of her opposition to the motion for summary judgment is defective in two ways. Rec. Doc. 32-1, at 3. First, Defendant notes that Plaintiff did not sign the original affidavit and that it was not notarized. *Id.* Second, Defendant contends that assertions contained in the affidavit are based on Plaintiff's personal opinion and thus

2

not appropriate evidence for a motion for summary judgment. *Id.* Although Defendant is correct in asserting that an unsworn affidavit may not be admitted as summary judgment evidence, a signed and notarized version of the affidavit was subsequently submitted to the Court. Rec. Doc. 27-1. The changes made in the affidavit reflect only that the year of two dates, not otherwise contested by either party, were mistyped. Rec. Doc. 27; Rec. Doc. 27-1. For present purposes, this defect is insufficient to defeat Plaintiff's affidavit in its entirety.

However, with respect to Defendant's second argument, Plaintiff's affidavit does include a claim that does not have support in the record and is not asserted to be based on personal knowledge. Plaintiff states in paragraph 12 of her affidavit: "The lower paying position was filled immediately subsequent to affiant's termination by someone less qualified than affiant." Rec. Doc. 27-1. Plaintiff has submitted no additional evidence in support of her assertion. Plaintiff does not address this argument in her opposition. Thus, paragraph 12 of Plaintiff's affidavit is stricken for lack of personal knowledge.

Defendant also contests the admission of paragraph 11 of Plaintiff's affidavit, which provides that Plaintiff "requested that she be allowed to fill the lower paying, less qualified position (cook's helper) for which she had been conducting interviews, and was denied that position." Rec. Doc. 27-1. Defendant claims that Plaintiff was not denied the position, but rather never applied for it. Rec. Doc. 32-1, at 4. Defendant points to Plaintiff's statement in her deposition where she said that Eric Callais, her boss, told her that she could re-apply for the lower position. *Id.* Plaintiff contends that by asking her to re-apply, her employer was effectively telling her that he would not hire her for the position because current employees did not typically re-apply in such situations. Rec. Doc. 21-3, at 5. Plaintiff described her conversation with Callais as follows:

3

> You [Eric Callais] used to say don't let people have to re-apply if they're already in the system. I said, I'm not stupid, tell me the real reason you are letting me go. Up to that point I had no idea it was anything else.

*Id.* Plaintiff portrays the issue of re-applying for the lower position as a communication of Callais's unwillingness to hire her for the position. Additionally, Callais denies that Plaintiff ever made the request in his own deposition. Rec. Doc. 21-3, at 35. Thus, whether Plaintiff requested a lower-paying available position and whether her employer communicated to her that it was not available to her is a contested issue of fact. Plaintiff's assertion in her affidavit is consistent with her testimony at deposition and will not be stricken.

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### A.  SUMMARY JUDGMENT AND ADA STANDARDS

A motion for summary judgment will be granted if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). A court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001). A court does not weigh the evidence in the record or assess the credibility of witnesses. *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The ADA prohibits certain employers from discriminating against a qualified individual on the basis of her disability. 42 U.S.C. §§ 12101 *et seq.* (2008). Because only circumstantial evidence is offered to show the alleged discrimination, the Court will apply the *McDonnell*

*Douglas* burden-shifting analysis. *McInnis v. Alamo Cmty. College Dist*, 207 F.3d 276, 279 (5th Cir. 2000) (citations omitted). Thus, to prevail on her ADA claim, Plaintiff must first establish a *prima facie* case by showing that: 1) she has a disability; 2) she was qualified for her position; 3) she suffered adverse employment action as a result of her disability; and 4) she was replaced by or treated less favorably than non-disabled employees. *Id.* at 279-80. If a *prima facie* showing is made, the employer then bears the burden of articulating a legitimate, nondiscriminatory reason for its action. *Id.* at 280. Defendant must state "through the introduction of admissible evidence, reasons for its actions which, *if believed by the trier of fact*, would support a finding that the unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Center v. Hicks*, 509 U.S.502, 507 (1993) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-55 (1981)). If Defendant articulates such a reason, the burden shifts back to Plaintiff to establish, by a preponderance of the evidence, that the articulated reasons are merely a pretext for unlawful discrimination. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003).

### B. ANALYSIS

Defendant first argues that Plaintiff cannot prove her *prima facie* case under ADA standards. Rec. Doc. 21-2, at 5. The company contends that even if Plaintiff had been terminated due to rising health care costs, she would not be protected by the ADA. *Id.* To support its argument, Defendant points to decisions from the Eighth Circuit denying ADA claims arising out of employment termination allegedly due to increased health care costs. *Id.* (citing *Libel v. Adventure Lands of America, Inc.*, 482 F.3d 1028 (8th Cir. 2007); *Hirsch v. Nat'l Mall Serv., Inc.*, 989 F. Supp. 977, 980 (N.D. Ill. 1997)). However, the Eighth Circuit Court of Appeals case cited by the defendant did not

5

hold that the plaintiff had no possibility of recovery under the ADA if terminated because of increasing insurance premiums. Rather, the court held that the plaintiff "failed to establish a specific link between her termination and the alleged statements [her employer] made regarding [the plaintiff] and the insurance costs." *Libel*, 482 F.3d at 1034. Such a finding implies that if that plaintiff had established a connection between her employer's observation that insurance costs were increasing due to her illness, and her termination, she would have defeated the defendant's motion for summary judgment. The Court finds that there is sufficient proof of a connection between Plaintiff's higher insurance costs and her termination for purposes of summary judgment. *See* Rec. Doc. 34, p. 7-8.

Additionally, this Court does not find convincing the argument that the ADA does not cover an employee's termination due to disability-related insurance costs. One of the goals of the ADA is "to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for [disabled] individuals." 42 U.S.C. § 12101 (2008). To accomplish this goal, the act requires that no employer "discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees." 42 U.S.C. § 12112 (2008). Many employers who provide health insurance to their employees would likely benefit from the ability to terminate the positions of those disabled employees who cause increased insurance premiums. The ADA would be a hollow act if it permitted employers to do so, as it would allow the employer to refuse to hire or retain disabled employees for the very reason of their disability. Thus, the Court finds that Plaintiff may pursue a claim under the ADA by alleging termination because of an increase in insurance costs associated with her disability. As Defendant does not otherwise challenge Plaintiff's *prima facie*

case, the Court finds that Plaintiff has established a *prima facie* case of discrimination under the ADA.

Defendant alternatively argues that it had a non-discriminatory reason for terminating Plaintiff's employment. Rec. Doc. 21-2, at 6. It claims that Plaintiff's position was eliminated as a cost-cutting measure. *Id.* at 7. In support of this claim Plaintiff presents affidavits from its Vice President and Plaintiff's supervisor attesting to legitimate reasons for eliminating her position. *Id.* at 7-8. The Court finds that this evidence satisfies the defendant's burden to produce evidence of a legitimate reason for firing Plaintiff. Thus, the burden shifts to Plaintiff to show that this reason was merely a pretext. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003). In reply, Plaintiff argues that her employer's request that she submit an application for the available lower-paying position shows that the company was unwilling to retain her in their employment in any position and thus terminated her employment due to her disability. Rec. Doc. 27, at 3. Ultimately, Defendant and Plaintiff dispute whether re-application by a current employee for another position in the company was standard procedure or an effort by Defendant to prevent Plaintiff from remaining in the company's employ. Considering the facts in a light most favorable to Plaintiff, the Court finds that a reasonable jury could determine that the cost-cutting reason offered by Defendant was merely a pretext. Thus, defendant's motion for summary judgment on this issue is DENIED.

Plaintiff further claims that Defendant failed to accommodate her disability in violation of the ADA. Rec. Doc. 1, at 3. The definition of unlawful discrimination under the ADA includes failing to make reasonable accommodations to the known physical limitations of an otherwise qualified individual with a disability. 42 U.S.C. § 12112 (2008). As an initial matter, Plaintiff provided that she did not request an ADA accommodation while employed at Grand Isle. Rec. Doc.

21-3. Additionally, there exists no evidence in the record to suggest that Plaintiff required any special accommodation for her disability while working at Grand Isle. Plaintiff seems to argue that the failure to accommodate her disability occurred when she requested a lower-paying position after the elimination of her previous position. Rec. Doc. 27, at 2. Plaintiff's request for a different position was not an effort to alleviate her disability, but an offer to remain employed in a way that would alleviate her employer of the financial burden of paying her a higher salary. The refusal of such a request would clearly not amount to an ADA violation, because the request was made as a result of the financial burden on the company and not the burden Plaintiff felt as a result of her disability. Thus, the defendant's motion for summary judgment on this issue is GRANTED.

Accordingly:

IT IS ORDERED that defendant's motion to strike plaintiff's affidavit is GRANTED IN PART and DENIED IN PART. Rec. Doc. 32.

IT IS ORDERED that defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Rec. Doc. 21.

New Orleans, Louisiana, this 4th day of November, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE